UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

              **MEMORANDUM &ORDER**

-against-

              06 CR 113 (RJD)

MICHAEL POMERICO,

       Defendant.
-------------------------------------------------------X
DEARIE, Chief Judge.

  Defendant Michael Pomerico moves for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, or in the alternative for a new trial pursuant to Fed. R. Crim. P. 33. For the reasons set forth below, the motions are denied.

## I. Background

  Defendant was tried before a jury and convicted on July 23, 2007, of seven counts each of receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(a)(5)(B) respectively. On December 27, 2007, defendant filed the instant motion contending that "the Court incorrectly assumed and therefore incorrectly instructed the jury that the mere receipt of child pornography on the Internet automatically satisfies the interstate transportation requirement of 18 U.S.C. § 2252(a)." Def.'s Aff. Supp. Mot. 1. In support, defendant cited the Tenth Circuit Court of Appeal's September 5, 2007, opinion in United States v. Schaefer, 501 F.3d 1197 (10th Cir. 2007). Id.

## II. Excusable Neglect

"A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). Similarly, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Although defendant's motion was made five-months after his guilty verdict, he submits that he has shown 'excusable neglect' under Fed. R. Crim. P. 45(b)(1)(B).

The Supreme Court has referred to "excusable neglect" as an "elastic concept," Pioneer Inv. Services Co. v. Brunswick Assoc. L.P., 507 U.S. 380, 392 (1993), whose determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," id. at 394-95. Factors to be considered in evaluating excusable neglect include "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d. Cir. 2003) (citing Pioneer, 507 U.S. at 395).

The Second Circuit has noted that

> despite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension, we and other circuits have focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant.

Silivanch, 333 F. 3d at 366 (citation omitted), and that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," Id. at 366-67 (citation omitted). Furthermore, where "the rule is entirely clear, we continue to expect that a party claiming

2

excusable neglect will, in the ordinary course, lose under the Pioneer test," Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 250-51 (2d Cir.1997).

The government has not claimed prejudice, nor does the Court question defendant's motives or his current counsel's asserted reasons for the delay. Nevertheless, the Court is not convinced that the reasons provided by counsel justify the five-month delay. Defendant's purported excuse for the delay "is that Schaefer, which, if followed, is dispositive of the issue was not decided until September 2007 . . . . Newly retained counsel understandably focused on sentencing issues and did not discover the Schaefer case until several days ago." Def.'s Mem. in Sup. of Mot. 4. In support, defendant references only one case, United States v. Stein, 440 F. Supp. 2d 315 (S.D.N.Y. 2006), which is readily distinguishable from the instant matter. In Stein, Judge Kaplan excused a four-month delay in the filing of a motion to suppress noting that defendant's fault was "mitigated substantially by the unique circumstances of this . . . . complex case in which defendants are dealing with a 46-count indictment, millions of documents produced in discovery, and a plethora of legal issues." Id. at 325. In addition, the defendants in Stein had "in fact filed 26 motions at the deadline accompanied by memoranda of law surpassing, in the aggregate, 1,000 pages. They were constrained, in some degree, by a shortage of resources attributable to the government's unconstitutional interference with [a third party's] payment of legal fees and other defense costs." Id.

No similar circumstances exist here. As the government points out, the arguments raised by defendant were not unavailable or unknown before Schaefer. Mem. in Resp. 7. Furthermore, although the Court does not fault counsel for focusing initially on issues related to sentencing, neither the change in representation nor the impending sentencing can excuse defendant's five-

month delay in filing this motion. Because there has been no showing of excusable neglect, defendant's motions for acquittal and new trial are untimely and must be denied.

## III. Interstate Transportation

Even if this Court were to reach the merits of defendant's motion, it would deny his motion. There was ample evidence at trial that defendant downloaded the offending images from a "news server" via a "news group" on the Internet. As Special Agent Trenton Shmatz of the Federal Bureau of Investigation's Computer Analysis Response Team explained at trial, a news server is "a computer somewhere that has files that other users can access," Tr. 293, and "[a] news group is basically like an electronic bulletin board on the Internet," Tr. at 189. In its jury charge, the Court explained that

> [t]he second element which the government must prove beyond a reasonable doubt is that the visual depiction in the count you are considering was actually transported in interstate or foreign commerce. In other words, you must determine whether the depiction traveled by computer between one state, territory, or possession of the United States . . . Transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce.

Tr. at 625.

Contrary to the opinion expressed by the Tenth Circuit in Schaefer, this Court finds that "use of the Internet satisfies the interstate commerce element of . . . 18 U.S.C. § 2252A(a)(2)(B)." United States v. MacEwan, 445 F.3d 237, 239 (3d Cir. 2006); accord United States v. Carroll, 105 F.3d 740, 742 ("[T]ransmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce.").

4

## IV. Conclusion

For the reasons stated above, defendant's motions for acquittal and new trial are denied.

The Court will contact the parties to schedule sentencing.

SO ORDERED.

Dated: Brooklyn, New York
       October 2, 2008

                                      s/ Judge Raymond J. Dearie
                                      RAYMOND J. DEARIE
                                      United States District Judge