UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

     -against-                              **MEMORANDUM**

MICHAEL POMARICO,                         06 CR 113 (RJD)

                Defendant.
----------------------------------------------------------------X

DEARIE, Chief Judge.

After trial, a jury convicted defendant Michael Pomarico of seven counts of knowingly receiving images of child pornography, in violation of Title 18 U.S.C. §2252A(a)(2)(B), and seven counts of knowingly possessing those same seven images, in violation of Title 18 U.S.C. §2252A(a)(5)(B). I imposed a sentence of 72 months on each of the seven receipt counts, to run concurrently, and dismissed the seven possession counts. This memorandum sets forth my reasoning.

**I.   The Double Jeopardy Question**

As I expressed to the parties at the time of sentencing, I was concerned that imposing separate punishments for the receipt and possession counts, based on the undisputed facts in this case, was irreconcilable with Mr. Pomarico's double jeopardy protections. See ST at 6.[1] The proof, corresponding to the government's one-image-per-count theory, established that Mr. Pomarico had received, through the Internet, seven separate images of child pornography. The government did not offer separate proof that Mr. Pomarico possessed the same seven images—and understandably so, for having received the images, Mr. Pomarico necessarily possessed them.

---

[1] "ST" refers to the transcript of the sentencing proceedings, held on February 26, 2009.

Furthermore, as I remarked at sentencing, "[h]aving possessed [the images] in the manner in which came by them through the Internet, by any definition or any sense of the word [he] had to have received them." ST at 7. The legal question thus presented, and squarely addressed by the parties' submissions, was whether Mr. Pomarico's convictions for both receipt of child pornography (under section 2252A(a)(2)(B)) and possession of child pornography (under section 2252A(a)(5)(B)), violate the Double Jeopardy Clause when the conduct underlying the two offenses is identical.

At the time of sentencing, only two circuits had squarely confronted the issue on facts materially indistinguishable from those presented in this case. See United States v. Davenport, 519 F.3d 940 (9th Cir. 2008); United States v. Miller, 527 F.3d 54 (3d Cir. 2008). The Third and Ninth Circuits applied the same constitutional tests and reached the same conclusion: *i.e.,* that the entry of separate convictions under 18 U.S.C. §2252A(a)(2) for receipt of child pornography and under 18 U.S.C. § 2252A(a)(5) for possession of the same images violates the Double Jeopardy Clause. Davenport, 519 F.3d at 942-47; Miller, 527 F.3d at 70-73.[2] The arguments advanced by the government in both cases were essentially the same, and indistinguishable from those advanced in this case. I chose to follow Davenport and Miller. See ST at 6.

Davenport and Miller continue to be the only appellate decisions on the question. They

---

[2] The two circuits appeared to have deliberated independently of each other: Davenport was issued on March 20, 2008, approximately nine weeks before Miller, which came down on June 2, 2008, but Miller does not reference the Davenport litigation, and both decisions address their subject as a question of first impression. In any event, both apply the so-called "same elements" test announced in Blockburger v. United States, 284 U.S. 299 (1932) in determining that possession is a lesser included offense of receipt. See generally Blockburger, 284 U.S. at 304 ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.")

2

also continue to govern my view of the matter and, in their thoroughness, obviate the need for lengthy additional discussion.

Furthermore, although the Second Circuit has not yet squarely addressed the question as presented in this case, what the Circuit has had to say on the subject to date strongly suggests that I am prudent in allowing myself to be guided by Miller and Davenport. In both United States v. Irving, 554 F.3d 64 (2d Cir. 2009), and United States v. Anson, No. 07-0377, 2008 WL 4585338, 304 Fed. App'x 1 (2d Cir. Oct. 15, 2008), the Circuit was asked to consider whether convictions for both receipt and possession of child pornography violate the Double Jeopardy Clause, and in both cases the Court avoided squarely reaching the constitutional question, having concluded, instead, that the convictions for receipt and possession in those cases were, or at least could have been, based on different images. See Anson, 304 Fed. App'x at 4 ("With respect to the possible overlap of [the receipt and possession counts], nothing in the indictment indicates that the same image or images underlying the receipt charge (Count 3) must also underlie the possession charges (Counts 4 through 43)"); Irving, 554 F.3d at 79 (distinguishing Miller and Davenport, Court explains that, "given that the government introduced Irving's computer hard drive containing 76 images of child pornography, the effect of these instructions was to allow the jury to find Irving guilty of possessing child pornography based on any three of those 76 images and guilty of receiving child pornography based on any one of the 76 images, including 73 that were not needed for the return of a verdict of guilty on the possession count. If the jury's verdicts on counts 4 and 5 were based on different images, there was no double jeopardy violation in the entry of judgment on both counts.")

The rationale that proved dispositive in Anson and Irving strongly suggests that, where, as

here, the receipt and possession counts *are* based on the same images—and, to be more exact, where, as here, the nature of the charges, jury instructions and proof allow for no other possible interpretation—Miller and Davenport are to be followed rather than distinguished. Furthermore, in the ongoing Polouizzi prosecution, in a decision issued subsequent to my sentencing of Mr. Pomarico, the Circuit expressed in dictum its endorsement of Miller and Davenport. See United States v. Polouizzi, 564 F.3d 142, 159 (2d Cir. 2009) ("we find the reasoning of Davenport and Miller persuasive").[3]

The Supreme Court has spoken clearly on the subject of remedy in the circumstances presented here. Although it was constitutionally permissible for the government to have tried Mr. Pomarico on both the receipt and possession counts, and for me to have submitted both to the jury, see Ohio v. Johnson, 467 U.S. 493, 499-500 (1984), now that convictions have been returned on both crimes, the Constitution requires me "to exercise [my] discretion to vacate one of the [sets of] convictions." Ball v. United States, 470 U.S. 856, 861 (1985). Indeed, Ball makes clear that "the remedy of ordering one of the sentences to be served concurrently with the other" is not sufficient; the "separate conviction, apart from the concurrent sentence, has potential adverse consequences that cannot be ignored." Id. at 865. Accord Miller, 527 F.3d at 74 (remanding for district court, in its discretion, to vacate either the receipt or the possession conviction); Davenport,

---

[3] In the handful of other reported decisions on the question, courts have either found a double jeopardy violation, under the reasoning of Davenport and/or Miller, where the receipt and possession convictions rested on the same images, see, e.g., United States v. Brobst, 558 F.3d 982, 1000 (9th Cir. 2009) and United States v. Giberson, 527 F.3d 882, 891 (9th Cir. 2008), or concluded, under the same rationale followed in Anson and Irving, that there was no double jeopardy violation because receipt and possession were not based on the exact same images or offense conduct. See, e.g., United States v. Bobb, 577 F.3d 1366, 1375 (11th Cir. 2009) (convictions for receipt and possession upheld because indictment charged, and proof established, receipt on November 12, 2004 of seven zip files, and possession in August 2005 of 6,000 additional images), reh'g denied, Table 07-13252-AA, cert. denied, 130 S. Ct. 3322 (2010).

519 F.3d at 947 (vacating and remanding with instructions that the district court "vacate Davenport's conviction on one of the two counts").

It was for these reasons that I vacated Mr. Pomarico's convictions on the seven possession counts (*i.e.,* counts 8 through 14 of the indictment) and sentenced him on only the receipt counts.

## II. The Appropriate Sentence on the Seven Receipt Counts

For a first time offender, the statutory minimum sentence for a conviction of receipt of child pornography under 18 U.S.C. § 2252A(a)(2) is five years. 18 U.S.C. § 2252A(b)(1). The single statutory sentence further provides, "but, if such person has a prior conviction" under certain enumerated provisions, the minimum term of incarceration is fifteen years. Id. The principal issue at sentencing was whether Mr. Pomarico's 2005 conviction for transporting obscene material in violation of 18 U.S.C. § 1462 subjected him to this recidivist enhancement.

I readily rejected one branch of Mr. Pomarico's argument and concluded that the *subject matter* of the underlying offense conduct would qualify the conviction as an enhancement-triggering predicate; the issue, however, was whether the conviction was "prior" within the meaning of the statute. I concluded that it was not.

The pertinent facts are undisputed. By indictment filed under docket number 02-CR-329, Mr. Pomarico was charged with possessing digitalized images of child pornography; he eventually entered a plea of guilty to a reduced charge of one count of interstate transportation of obscene material, in violation of 18 U.S.C. § 1462. Magistrate Judge Cheryl Pollak took Mr. Pomarico's plea on February 10, 2005; based on her recommendation I concluded, during Mr. Pomarico's appearance before me on October 13, 2005, that the plea was made knowingly and willfully and I formally accepted it, and sentenced Mr. Pomarico to two years probation. On June 22, 2005,

5

after Magistrate Pollak took his plea but before I accepted it, Mr. Pomarico committed the offense conduct in this case (*i.e.,* received seven images of child pornography through the Internet).

I was guided in my understanding of the term "prior," for purposes of section 2252A(b)(1), by the Eleventh Circuit's interpretation of the same term as used in section 2252A(b)(1)'s companion provision, section 2252(b)(2). See generally United States v. King, 509 F.3d 1338 (11th Cir. 2007).[4] Relying heavily on the particulars of the statute's wording and structure, the Eleventh Circuit concluded that the statute can mean only that "the qualifying prior conviction must occur before the conduct violating § 2252A(a)(5), and not merely before the § 2252A(a)(5) conviction occurs." Id., 509 F.3d at 1343. King has not been criticized, and has been followed within the Eleventh Circuit and by Judge Woodcock in the District of Maine. See United States v. Shiver, 305 Fed. App'x 640, 643 (11th Cir. Dec. 31, 2008) (reversing where putative prior conviction for sexual abuse "occurred . . . well after the conduct forming the basis for Shriver's prosecution in the instant case"); United States v. Sabky, 557 F. Supp. 2d 172, 174 (D. Me. 2008) (relying on King, concludes the language of 2252A(b)(1) "requires that the person already be convicted of an enumerated sex offense before engaging in the conduct resulting in the §2252A(a)(5) conviction").

The Court in King emphasized its plain-meaning rationale by contrasting the language and structure of 2252A(b)(2) with the syntax of another federal statute's differently worded, and differently interpreted, recidivist enhancement:

> As in [an earlier 11th Circuit decision], we interpret §2252A(b)(2) to mean that the qualifying prior conviction must occur before the conduct violating §2252A(a)(5), and not merely before the

---

[4] Although (b)(2) provides the sentence for the crime of possession while (b)(1) addresses the penalty for receipt, the two provisions are essentially identical.

> §2252A(a)(5) conviction occurs. . . . By way of contrast, the provision in Deal [v. United States, 508 U.S. 129 (1993)] simply provided for an enhanced penalty "[i]n the case of a second or subsequent conviction," and it contained no language suggesting that the predicate conviction must occur before the violation for which the government seeks to impose an enhanced penalty.

King, 509 F.3d at 1343 (citing Deal v. United States, 508 U.S. 129, 130 (1993)). I highlight this feature of the King analysis because it the statute and case distinguished in King that the government has urged me to follow.

The "provision in Deal," of course, is Title 18 U.S.C. §924, which provides that, "[w]hoever, during and in relation to any crime of violence . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . .be sentenced to imprisonment for five years." 18 U.S.C. §924(c)(1)(A). The statute further provides that "[i]n the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years." 18 U.S.C. §924(c)(1)(C). The defendant in Deal was convicted, within a single proceeding, of six counts of violating 924(c) (among other crimes), and the Supreme Court, construing the term "conviction" to mean "the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction," held that the convictions on the second through sixth counts were "second or subsequent conviction[s]" for purposes of triggering the statutory enhancement. Deal., 508 U.S. at 131-37.

As the Eleventh Circuit soundly observes, the recidivist enhancements under the firearms and child pornography statutes are codified in vastly different language. Thus, notwithstanding the parties' manner of casting their arguments, there is no either-or choice to be made here between Deal and King, for the two decisions interpret different statutes and, as I understand them, do so in accordance with the same interpretive principle, namely, that a statutory sentencing provision

means precisely what it says. See Deal, 508 U.S. at 130; King, 509 F.3d at 1343. Thus, in the absence of Second Circuit authority on the question, I followed the Eleventh's Circuit's sound interpretation.

Insisting that policy necessarily informs statutory interpretation, the government argues, in essence, that I must find a way for the recidivist enhancement to apply to an individual who first admits in open court his guilt to transporting obscenity (in satisfaction of what would have been a prosecution possession of child pornography) and then proceeds, rather promptly, to again download child pornography from the Internet. But Deal itself appears to urge that such policy concerns defer to the plain statutory language. See id., 508 U.S. at 136 ("Once text is abandoned, one intuition will serve as well as the other. We chose to follow the language of the statute").

Accepting my construction of the statutory term "prior," the government argues that the recidivist enhancement ought nevertheless to be deemed triggered because Mr. Pomarico admitted his guilt to the 2005 charges several months before he committed the offense conduct in this case. But there is no authority for the proposition that Mr. Pomarico's plea allocution before Magistrate Pollak should qualify as a "conviction" for this or any other purpose. The law, which is quite to the contrary, does not require lengthy recitation. A magistrate judge of course has the authority under Title 28 U.S.C. §636(b)(3) to hear a defendant's guilty plea allocution. United States v. Williams, 23 F.3d 629, 634 (2d Cir.), cert. denied, 513 U.S. 1045 (1994). But it is black letter law that the magistrate's recommendation on a plea must be "reported to th[e district court] for its approval" because the district court "remains in control of the proceeding." Williams, 23 F.3d at 634. Indeed, a "district judge may readily read the transcript of the allocution for infirmities, if any, and may readminister the allocation if it is thought necessary." Id. Quite clearly, Mr.

8

Pomarico did not sustain a "conviction" before Magistrate Pollak, but was "convicted" on the 2005 charges only when he appeared before me on October 13, 2005 and I accepted his plea.

The government's other policy concern, that the length of a defendant's sentence should not turn on the vagary of whether the plea was taken directly by the district judge or first referred to a magistrate judge, is not compelling, for happenstance dictates much of what occurs in any criminal proceeding. More critically, by seeking to characterize the plea allocution before Magistrate Pollak as a "conviction," the government asks me to do the impermissible and transgress the fundamental distinction between Article III and the Federal Magistrate's Act. See generally Peretz v. United States, 501 U.S. 923, 938 (U.S. 1991) ("[a referred matter] remains completely in the control of the federal district court").

In sum, I concluded for purposes of sentencing Mr. Pomarico that the recidivist enhancement in section 2252A(b)(1) is triggered only if the putative "prior conviction" occurred before Mr. Pomarico committed the offense conduct in this case, and that Mr. Pomarico did not sustain a conviction on the 2005 charges until October 13, 2005, *after* he committed the offense conduct. Accordingly, I did not apply the fifteen-year minimum for recidivists under 18 U.S.C. §2252A(b)(1).

Dated: Brooklyn, New York
November 1, 2010

                                              s/ Judge Raymond J. Dearie
                                              _____
                                              RAYMOND J. DEARIE
                                              United States District Judge